UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TYVARUS LEE LINDSEY, | Case No. 15-CV-1505 (JRT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| RAMSEY COUNTY, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Tyvarus Lee Lindsey's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Lindsey's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Lindsey's petition.

Lindsey, a state prisoner, was found guilty after a 2007 jury trial on two counts of second-degree murder, and he was sentenced to a 429-month term of imprisonment. *See* Petition at 1 [ECF No. 1]. The conviction and sentence were affirmed by the Minnesota Court of Appeals on December 22, 2009. *State v. Lindsey*, No. A08-453, 2009 WL 4908842 (Minn. Ct. App. Dec. 22, 2009). The Minnesota Supreme Court denied review of Lindsey's appeal on March 16, 2010.

On March 15, 2012 — almost exactly two years after the Minnesota Supreme Court denied review of the appeal — Lindsey filed a motion for post-conviction relief in state court, alleging ineffective assistance of trial and appellate counsel. *See Lindsey v. State*, No. A13-0592,

2014 WL 103399, at *2 (Minn. Ct. App. Jan. 13, 2014).  The district court determined that Lindsey's ineffective-assistance claims with respect to his trial counsel were procedurally barred, as those claims should have been raised on direct appeal.  *See id.* (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (1975)).  The district court also found that Lindsey's ineffective-assistance claims with respect to this appellate counsel lacked merit.  *Id*.  Accordingly, Lindsey's motion for post-conviction relief was denied.  The Minnesota Court of Appeals affirmed that denial, and, on March 18, 2014, the Minnesota Supreme Court denied review of that affirmation.

Lindsey raises one claim in his federal habeas petition    that his appellate counsel provided ineffective assistance by failing to meet with him prior to the appeal.  An in-depth analysis of the merits of Lindsey's claim is unnecessary, though, because Lindsey's petition is plainly barred by the relevant statute of limitations.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Lindsey filing a habeas petition previously; (2) Lindsey is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Lindsey's claim is not predicated on any new factual discovery.[1]

Under § 2244(d)(1)(A), then, Lindsey was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court denied review of Lindsey's direct appeal on March 16, 2010, and Lindsey's conviction became final 90 days thereafter, on June 14, 2010. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). The limitations period for Lindsey to file a federal habeas petition began running on that date, and it ended exactly one year later, on June 14, 2011. Lindsey did not file his federal habeas petition until March 12, 2015 (the date he placed the petition in the prison mailing system). *See* Petition at 10. This was plainly too late.

Lindsey, however, asserts in his petition that he had until March 17, 2015 to file his petition. *Id*. at 9. The Court suspects that Lindsey arrived at this date by calculating one year

---

[1]Lindsey states in his petition that he "recently learned" that his appellate lawyer's failure to meet with him could constitute ineffective assistance of counsel. Petition at 5. But § 2244(d)(1)(D) ties the start of the limitations period to "the date on which *the factual predicate* of the claim" could have been discovered (emphasis added), not the date on which the *legal* basis for the claim was discovered. Lindsey would have known *prior* to the judgment in his case becoming final that his appellate counsel had failed to meet with him. Accordingly, § 2244(d)(1)(D) does not extend the limitations period in this case beyond the time already provided by § 2244(d)(1)(A).

after the Minnesota Supreme Court denied review of the denial of his motion for post-conviction relief in state court.  It is true that, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  But § 2244(d)(2) does not restart a limitations period that has already expired. *See, e.g.*, *Jones v. Minnesota*, No. 14-CV-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)).  Lindsey did not file his motion for post-conviction relief in state court until March 15, 2012.  *See Lindsey*, 2014 WL 103399, at *2.  By the time he filed that motion for post-conviction relief, his conviction had been final, for purposes of § 2244(d)(1)(A), for 21 months.  In short, the limitations period for filing a federal habeas petition had already expired by the time Lindsey filed his state motion for post-conviction relief, and the filing of that motion did not alter the expiration of the federal limitations period.

   Because it is clear on the face of Lindsey's habeas petition and the relevant state-court records that Lindsey's petition is barred by the statute of limitations, this Court recommends that the petition be denied.  Only one matter merits further comment:  A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that

any other court, including the Eighth Circuit Court of Appeals, would treat Lindsey's current habeas corpus petition differently than it is being treated here. Lindsey has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Lindsey should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Tyvarus Lee Lindsey's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2. This action be DISMISSED.

3. No certificate of appealability be granted.

Dated: April 7, 2015    s/Leo I. Brisbois
                        Leo I. Brisbois
                        United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 21, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.