# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TYVARUS LEE LINDSEY, | Civil No. 15-1505 (JRT/LIB) |
| Petitioner, | |
| | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| RAMSEY COUNTY, | |
| Respondent. | |

---

Tyvarus Lee Lindsey, #206837, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN  55082, *pro se*.

Matthew Frank, James B. Early, and Peter R. Marker, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE,** 445 Minnesota Street, Suite 1800, Saint Paul, MN  55101, for defendant.


Petitioner Tyvarus Lee Lindsey ("Lindsey") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2015.  On April 8, 2015, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court deny Lindsey's habeas petition.  Lindsey filed an objection to the R&R on May 26, 2015, and the matter is now before the Court based on Lindsey's objection.   Because Lindsey's petition is time-barred by the relevant statute of limitations, the Court will overrule his objection, adopt the R&R, and dismiss Lindsey's petition with prejudice.

# BACKGROUND

## I.   LINDSEY'S STATE-LEVEL PROCEEDINGS

In 2007, Lindsey was convicted at a jury trial of two counts of second-degree murder and was sentenced to 429 months imprisonment.  (Pet. for Writ of Habeas Corpus ("Pet.") at 1, Mar. 16, 2015, Docket No. 1.)   On direct appeal, Lindsey raised four arguments, alleging that:

> (1) it was reversible error for the prosecutor to call [Lindsey's] girlfriend to the witness stand and have her invoke her Fifth Amendment privilege when the prosecutor allegedly knew that she would exercise that privilege; (2) the district court erred in admitting the out-of-court statements made by [Lindsey's] girlfriend, who did not testify at trial, when the statements were not relevant to [Lindsey's] case or were only relevant if offered for the truth of the matter asserted; (3) his Fourth Amendment rights were violated when neither the search warrant nor an exception to the warrant requirement permitted the seizure of [evidence used against him at trial]; and (4) the individual and cumulative effect of numerous other errors deprived him of his right to a fair trial.

*State v. Lindsey*, No. A08-453, 2009 WL 4908842, at *1 (Minn. Ct. App. Dec. 22, 2009). On December 22, 2009, the Minnesota Court of Appeals affirmed Lindsey's conviction and sentence. *Id.* at *1, *10.  The Minnesota Supreme Court denied review of the appeal on March 16, 2010.

Two years after review of his direct appeal was denied, Lindsey filed a motion for post-conviction relief in state court, claiming ineffective assistance of counsel at both the trial and appeal stages.  *Lindsey v. State*, No. A13-0592, 2014 WL 103399 (Minn. Ct. App. Jan. 13, 2014).   He argued seven grounds for ineffective assistance of counsel, including that (1) both his trial and appellate counsel failed to challenge the affidavit supporting the search warrant in his case; (2) both counsel were ineffective for not

- 2 -

successfully demanding a speedy trial; (3) his trial counsel failed to obtain a transcript of bench conferences at trial, and his appellant counsel should have raised that issue on appeal; (4) his appellate counsel failed to argue a lack of foundation for some of the photographs used as evidence against Lindsey at trial; (5) cumulative errors of both counsel prevented him from having a fair trial; (6) trial counsel failed to object to certain testimony at trial, particularly pertaining to his co-defendant, and his appellate counsel should have raised that fact on appeal; and (7) his trial counsel did not obtain an exculpatory statement from his co-defendant in the case. *Id.* at *2. The state district court denied Lindsey's motion, finding that it lacked merit and was procedurally barred because Lindsey could have raised the issues on direct appeal. *Id.* at *3. The Minnesota Court of Appeals affirmed, *id.* at *12, and on March 18, 2014, the Minnesota Supreme Court denied further review.

## II.    PROCEDURAL HISTORY

Lindsey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court on March 16, 2015. (Pet. at 1.) In his petition, Lindsey lists as his only ground for relief that he never had a chance to communicate with his appellate counsel; indeed, Lindsey claims that he had "never seen him before." (*Id.* at 5.)

The Magistrate Judge did not reach the merits of this argument, because he found that Lindsey's petition was time-barred by § 2254's limitations period. (R&R at 2-4.) Specifically, the Magistrate Judge concluded that Lindsey's petition was untimely under § 2244(d)(1)(A) because it was filed more than one year after his conviction became

final, which occurred 90 days after the Minnesota Supreme Court affirmed Lindsey's conviction on March 16, 2010.  (R&R at 3; Pet. at 2.)  Because Lindsey did not file his federal habeas petition until almost four years after his conviction became final, the R&R found that his petition was barred by the statute of limitations.  (R&R at 2-4.)

Lindsey filed an objection to the R&R on May 26, 2015.  (Objection to R&R ("Objection"), May 26, 2015, Docket No. 6.)  His objection states only that he "would like to appeal the most recent decision pro se on [his] post-conviction.  However, [he does not] understand how to personally file, [due] to a lack of legal knowledge pro se." (*Id.* at 1.)  This matter is currently before the Court on Lindsey's objection.

## ANALYSIS

### I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Lindsey does not make any specific challenges to the reasoning of the R&R in his objection, nor does he identify portions of it with which he disagrees.  The Court will nonetheless conduct a *de novo* review of the R&R, as Lindsey has submitted an objection to it and is filing *pro se*.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

## II.    STATUTE OF LIMITATIONS

Under federal law, state prisoners seeking federal court review of a conviction or sentence are subject to a one year statute of limitations period, beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  In this case, direct review of Lindsey's conviction concluded on June 14, 2010, 90 days after the Minnesota Supreme Court affirmed his conviction on March 16, 2010.[1]  Lindsey did not file his federal habeas petition until March 16, 2015, nearly five years after his judgment became final and well outside the one year limitations period.

Lindsey did file a motion for post-conviction relief in state court, and the one year limitations period is temporarily suspended while such a motion is pending.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Lindsey's state post-collateral review motion was initially filed on March 15, 2012, however, which was more than one year after his conviction became final on June 14, 2010.  Because the filing of a state court post-conviction motion does not reset the

---

[1] Although Lindsey's habeas petition states that he appealed his state conviction to the United States Supreme Court, it appears that his petition for a writ of certiorari was filed only for a separate federal conviction.  *See Lindsey v. United States*, 133 S. Ct. 2842 (2013) (denying certiorari for Lindsey's challenge to a federal conviction).  Thus, the Court will treat the Minnesota Supreme Court as the final stage of direct review for Lindsey's state conviction, with the conviction becoming final ninety days after the Minnesota Supreme Court's order.  *Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001) ("It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari."); *Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014) (citing *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008)).

limitation period under 28 U.S.C. § 2244(d)(1)(A), but merely puts the already-running period on hold until state post-conviction review is completed, the Court concludes that Lindsey's federal habeas petition is barred by the statute of limitations. *See Champion v. United States*, 947 F. Supp. 2d 84, 87-88 (D.D.C. 2013) (concluding that a habeas petition was untimely, although the one-year limitations period is tolled while a state collateral review proceeding is pending, because the petitioner failed to file his first motion for postconviction relief in state court until more than one year after the limitations period had expired). Thus, the Court will adopt the Magistrate Judge's R&R and deny Lindsey's habeas petition as untimely.

## III.   CERTIFICATE OF APPEALABILITY

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Federal district courts may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Lindsey's petition

debatable, or that some other court would decide the issue differently.   The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket No. 6] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 5].   Accordingly, **IT IS HEREBY ORDERED** that:

1.      Petitioner's Petition for Writ of Habeas Corpus Relief [Docket No. 1] is **DISMISSED with prejudice**.

2.      The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Lindsey's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 22, 2015                        s/ John R. Tunheim
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  Chief Judge
                                                  United States District Court